Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of CHARLES F. STRADAR, Respondent, for Compensation under the Workmen's Compensation Law, *v.* STERN BROTHERS, Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

Third Department, November 13, 1918.

**Workmen's Compensation Law — carpet-laying as upholstering — construction of words of statute — judicial notice of nature of employment.**

The occupation of a carpet-layer is not within group 16 of section 2 of the Workmen's Compensation Law, declaring upholstering to be a hazardous employment, such group being a manufacturing group or one in which machinery and tools and manufacturing conditions exist.

A court must give to the words of a statute their ordinary and obvious meaning.

The court may take judicial notice, in the absence of legislative enactment, that the mere laying of a carpet is not a hazardous employment; it is not within the spirit of the law.

KELLOGG, P. J., and COCHRANE, J., dissented.

APPEAL by the defendants, Stern Brothers and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 3d day of June, 1918, and also from an award entered in said office on the 5th day of April, 1918, and also from an award entered in said office on the 10th day of September, 1917.

*Bertrand L. Pettigrew* [*Walter L. Glenney* of counsel], for the appellants.

*Merton E. Lewis,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

WOODWARD, J.:

The claimant, in presenting his claim for compensation, gave his occupation as that of a carpet-layer. The employer's first report of the injury gave the same answer to the question as to the nature of claimant's work, and no one disputes these declarations. Indeed, the award is based upon the fact that

while the claimant was engaged on June 7, 1917, in laying a carpet in the Democratic Club at 617 Fifth avenue, New York, he dropped his knee upon a tack, receiving an injury resulting in subsequent infection of his limb. The State Industrial Commission has made an award upon the strength of testimony by a member of a labor union that a carpet-layer is an upholsterer within some of the provisions of a labor organization, holding that the injury comes within the limits of group 16 of section 2. This group of the Workmen's Compensation Law is: " Manufacture of furniture, interior woodwork, organs, pianos, piano actions, canoes, small boats, coffins, wicker and rattan ware, *upholstering;* manufacture of mattresses or bed springs." (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 2, group 16, as amd. by Laws of 1916, chap. 622.)

It is entirely obvious that " upholstering," as used here, is in its manufacturing sense, a branch of lounge and parlor chair manufacturing, or a similar line of work in connection with the permanent decoration of houses; and no rule of construction can justify extending the word " upholstering " to cover the mere laying of a carpet. " Upholster " is defined by Webster: " To furnish (rooms, carriages, bedsteads, chairs, etc.) with hangings, coverings, cushions, etc.; to adorn with furnishings in cloth, velvet, silk, etc., as to upholster a couch; to upholster a room with curtains." The same authority defines upholsterer as " one who provides hangings, coverings, cushions, curtains and the like; one who upholsters." We are required to give to words in a statute their ordinary and obvious meaning. The Workmen's Compensation Law is no exception to this rule, when cases reach this court. We may take judicial notice, in the absence of legislative enactment, that the mere laying of a carpet is not a hazardous occupation; it is not within the spirit of the law. The group in which we find upholstering is a manufacturing group; is a group in which machinery and tools and manufacturing conditions exist; and the word should be given the construction which its association in the statute suggests, even though it might have a broader meaning under exceptional circumstances. This is specially true when the word does not come within any of the definitions, fairly understood, given by the standard lexicographers. The Legislature has, with reasonable clearness,

extended the original scope of the act, but it has not yet made the laying of carpets a so-called hazardous occupation.

The award should be reversed, and the claim dismissed.

All concurred, except JOHN M. KELLOGG, P. J., and COCHRANE, J., dissenting.

Award reversed and claim dismissed.